William F. Reynolds, Esq. Town Attorney, Saratoga
You have asked whether one person may serve simultaneously as village clerk and as a member of a town board of assessment review.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
Section 3-300 (4) of the Village Law provides that no person is disqualified from holding a village office by reason of holding any other public office unless he cannot fully discharge the duties of the village office while carrying out the duties of the other office. The village clerk exercises many administrative functions under the direction of the mayor, including responsibility for custody of village books and records; serves as clerk to the board of trustees and other village boards and keeps records of their proceedings; prepares and transmits to the village treasurer orders directing the payment of claims; serves as the records access officer of the village; and administers the oath of office to village officers (Village Law, § 4-402).
The town board of assessment review hears and determines requests for review of real property tax assessments (Real Property Tax Law, §524).
It appears that there is no interaction between the duties of the two offices in question. Thus, there is no potential for incompatibility of office.
We conclude that the offices of village clerk and member of a town board of assessment review are compatible.